UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>  v.<br><br>THE TRUSTEES OF INDIANA UNIVERSITY, INDIANA UNIVERSITY BLOOMINGTON, LAUREN ROBEL, KATHY ADAMS RIESTER, and LIBBY SPOTTS,<br><br>      Defendants. | Case No. 1:21-cv-2903-JRS-TAB |

### PLAINTIFF'S MOTION TO SEEK LEAVE TO PROCEED UNDER A PSEUDONYM

Plaintiff John Doe (hereinafter referred to as "Plaintiff" or "John Doe" or "Doe"), by his attorneys Nesenoff & Miltenberg, LLP and Saeed & Little, LLP, hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the potential irreparable harm that could further prevent him from proceeding with his future endeavors. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in said Complaint against Defendants the Trustees of Indiana University, Indiana University Bloomington, Lauren Robel, Kathy Adams and Libby Spotts (collectively, "Defendants"). *See* Declaration of Andrew T. Miltenberg, Esq. ("Miltenberg Decl."), attached to Plaintiff's Motion to Proceed Under a Pseudonym.

Pursuant to S.D. Ind. L.R. 10-1, Plaintiff has filed a Notice of Intention to Proceed Under Pseudonym under seal, which Notice states his true name.

1

## STATEMENT OF FACTS

The statement of facts pertinent to this motion is provided in the simultaneously filed Complaint, which details the egregious miscarriage of justice committed against Plaintiff by the Defendants. The actions of Defendants ultimately resulted in Plaintiff's wrongful three-semester suspension from Indiana University after the University's procedurally flawed summary proceedings and disparate treatment which deprived Doe of fundamental fairness, demonstrated a willful ignorance of COVID statistics and regulations in place at the time, and deviated from the University's own stated policies and procedures. These facts, it is respectfully submitted, satisfy the legal criteria for filing and proceeding under a pseudonym.

## ARGUMENT

### I. The Legal Standard for Permitting a Party to Proceed Under a Pseudonym

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000).

At the outset, it should be acknowledged that the Seventh Circuit has stated that "[t]he use of fictious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). However, the Court has also recognized that a party may be permitted to proceed anonymously:

> Notwithstanding the powerful presumption in favor of open proceedings where the parties are identified, the federal courts of appeal and a number of district courts have recognized that a district court may have the discretion to permit a party to proceed under a fictitious name. This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial

> as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *[Doe v.] Frank*, 951 F.2d [320] at 323 [11th Cir. 1992], quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981). See, e.g., *James v. Jacobson,* 6 F.3d 233, 238–39 (4th Cir.1993); *Coe v. United States Dist. Ct. for the Dist. of Colo.,* 676 F.2d 411, 418 (10th Cir.1982); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.1996); *Doe v. Bell Atlantic Business Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D.Mass.1995). The Supreme Court appears not to have ruled specifically on the practice or its compatibility with Fed.R.Civ.P. 10, but it has implicitly permitted the use of fictitious names in a number of cases. E.g., *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). All courts recognize, however, that proceeding under a fictitious name is an unusual measure reserved for exceptional cases.

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 139 (S.D. Ind. 1996). Additionally, the Seventh Circuit articulated that "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party seeking to proceed under a pseudonym]…exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

While the Seventh Circuit has not formulated a test to determine whether pseudonym status should be granted, the Court has articulated several factors to consider whether a "[p]laintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Doe v. Indiana Black Expo, Inc*., 923 F. Supp. At 140. These factors include, but are not limited to:

> "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced."

*Id.* (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)); *see also Doe v. City of Indianapolis*, No. 1:12-CV-62, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (citing *Doe v.*

3

*Indiana Black Expo, Inc.*, 923 F. Supp. at 140). The Court also turned to the Eleventh Circuit, which instructed that:

> "a judge presented with a request to proceed under a fictitious name should carefully review *all* the circumstances of the given case and then decide 'whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.' Against the backdrop of the presumption in favor of public disclosure, therefore, the court will review and then evaluate the nature of plaintiff's claims, his asserted need for privacy, and the defendants' interests in public disclosure of the plaintiff's name."

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. at 140 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)) (emphasis added); *see also Doe v. Purdue Univ.,* 321 F.R.D. 339, 341 (N.D. Ind. 2017). As outlined below, applying this framework to the instant matter, Plaintiff John Doe here should be permitted to proceed under a pseudonym.

**II.     Plaintiff's Claims Involve Challenging Governmental Activity**

In *Doe v. Indiana Black Expo, Inc.,* the Court outlines that "whether the plaintiff is challenging governmental activity" should be considered as a first factor upon a motion to proceed under a pseudonym. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140. Here, Plaintiff Doe is challenging disparate treatment and summary suspension procedures at Indiana University – a public institution of higher education.

Plaintiff brings a claim forth in the Complaint under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment because the University denied due process of law through their various processes which ultimately resulted in Plaintiff's continued suspension. These violations are demonstrated by, but not limited to, the following: (i) substantial harm and damage to Plaintiff's reputation as a result of the challenged legal status – the summary suspension of three (3) semesters that caused him to lose out on full-time employment with a big four accounting firm and dissociation from his fraternity; (ii) rushing a suspension based on alleged conduct that at the time, according to the CDC and the State, could not have caused any significant danger to the Indiana University

4

community; (iii) conducting a wholly unfair and biased investigation and sham hearing process that lacked the requisite fundamental fairness; (iv) imposing an effective three-semester suspension upon Plaintiff based on mere allegations and banning him from the Bloomington, Indiana campus prior to any investigation; (v) denying Plaintiff the opportunity to properly defend himself against the erroneous charges; (vi) failing to treat Plaintiff in the same manner as other similarly situated students; (vii) failing to provide a mechanism by which an onerous sanction could be mitigated despite the Code promising students availability of such appeal; (viii) overlooking the change of Indiana State Law and Monroe County Law as it applied to COVID regulations at the time of the alleged incident, which fails to support the immediate suspension without a due process hearing; and (ix) failing to provide Doe with a meaningful opportunity to defend himself during the proceedings (including the appeal).

The University is a public institution of higher education and therefore a government actor. Defendants Lauren Robel, Kathy Adams and Libby Spotts, upon information and belief, are presently employed by the University. Defendants Robel, Adams and Spotts were all acting in their capacities as University employees, and therefore were government actors.

### III.    The Litigation Involves Highly Sensitive Information

The second factor highlighted in *Doe v. Indiana Black Expo, Inc.* weighs in favor of allowing Plaintiff to proceed pseudonymously as the details discussed are of a highly sensitive and personal nature. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140.

Plaintiff should be permitted to proceed under a pseudonym given that he would be required to disclose information that is highly sensitive and controversial in the present climate, depending on individual views. Plaintiff, a fraternity member, is accused of violating COVID restrictions when he and four of his housemates hosted a gathering of 40-50 people at his off-campus residence. Prior to this gathering, the State of Illinois lifted all gathering restrictions. In response to the change of

restrictions, Monroe County reduced its gathering size restrictions to 50 persons and specifically expressed that this restriction applied to off-campus fraternity residences. The gathering in question was within the new express County mandate for off-campus fraternity housing. The City of Bloomington acknowledged the County's mandate and did not impose a greater restriction on gathering size. Three weeks after the alleged incident, the County, City and University lifted all COVID related restrictions for students based on the CDC and State recommendations issued prior to the subject gathering. Despite the changes in State, County and City restrictions, Indiana University failed to acknowledge or appreciate the significantly decreased threat of spreading COVID. Indiana University subjected Plaintiff to an onerous sanction given the state of affairs. Moreover, Plaintiff was singled out and given a much harsher sanction than his housemates who were alleged to have committed the same "infraction" and were essentially the same age and year of matriculation as Plaintiff. Doe was subject to a summary suspension of three semesters while his housemates were given a proverbial "slap on the wrist" and were allowed to continue with their studies unabated.

  COVID is an extremely volatile issue in today's society with differing opinions as to the need for continued regulations. Every individual, institution, State and political party has differing views on the handling of COVID. Given the sensitive and novel nature of the subject matter, the need for anonymity and protection seems clear. Exposing Plaintiff to such societal differences and potential prejudices justifies the need to proceed anonymously, particularly given the constantly changing laws and CDC recommendations as discussed in more detail in the Complaint.

  While there is not much by way of legal precedent concerning COVID, the Southern District of New York recently allowed a university student who was issued a one-semester suspension for COVID violations to proceed under a pseudonym, opining that identification of the student's identity exposed her to "potential online retaliation for what some might characterize as reckless or

selfish conduct" and where revealing her identity could hamper her career goals. *See Doe v. New York University*, 2021 WL 1662532, at *10 (S.D.N.Y. Apr. 28, 2021). It is respectfully submitted that Plaintiff should be given the same deference and protections.

### IV. The Plaintiff Would Suffer Immense Injury from the Disclosure of His Identity

The third factor also weighs in favor of allowing Plaintiff to proceed pseudonymously as the revelation of his identity may result in significant harm to Plaintiff, the exact type of which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.")

If the Court requires Plaintiff to reveal his identity, even if he ultimately obtains a favorable verdict on his claims, his future academic and career prospects could be significantly affected, depending on the views of future employers and institutions. Plaintiff, throughout his life, has worked tirelessly to graduate with a business degree and work for a big-four accounting firm. His dream could have become a reality as he was recently offered a full-time position which he was unable to accept because of the wrongly imposed sanction. As a result of the onerous and undeserved sanction, Plaintiff's intended career that he invested a tremendous amount of time, effort, and funds into, will be significantly delayed, if not shattered.

While in the past, Courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable, and his information accessible, via a simple online search. *See Doe v. Purdue Univ.,* 321 F.R.D. at 343. Given the media attention that may be generated, Courts must be willing to afford

additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded accusations as the present one.

Based on the foregoing, Plaintiff should be permitted to proceed under a pseudonym, as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter, namely, emotional and reputational damages, economic injuries, the loss of educational and career opportunities and future earnings.

### V. The Defendants Would Not Be Prejudiced by the Use of a Pseudonym

Further, Plaintiff should be permitted to proceed under a pseudonym as Defendants would not be prejudiced in any way by the use of a pseudonym[1]. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140. As the Eastern District of New York observed, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

The Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds under a pseudonym. Accordingly, Plaintiff must be permitted to proceed anonymously in the present action, as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

---

[1] Defendants have advised of their intent to oppose the instant motion, which one may only surmise such warning was made to try and intimidate Plaintiff from filing the instant suit. There can be no other reason for Defendants to oppose the instant motion as they are not in the least affected if Plaintiff is permitted to proceed by pseudonym.

**VI.   Additional Considerations**

Plaintiff should also be permitted to proceed anonymously because the public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to the University's denial of due process concerns a greater interest than that of any individual plaintiff; it affects the entire student population as a whole at the University. As one Court observed, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *See Doe No. 2 v. Kolko,* 242 F.R.D. at 195. Further, the public's knowledge will only be minimally restricted because the public will still be well aware of what is alleged to have occurred that resulted in the erroneous charges against Doe, as well as the flawed process by which the University investigated and adjudicated the aforementioned charges. To the contrary, forcing Plaintiff to reveal his true identity could have a potentially chilling effect on other similarly situated future litigants.

Separately, the difficulty in allowing non-parties to remain anonymous while Plaintiff's identity is revealed warrants the continued use of a pseudonym. In the present matter, there are numerous individuals that are referred to pseudonymously or not at all by any name due to the fact that they are non-parties to the litigation and to ensure little to no impact upon them as a result of this action. These individuals include: the four other co-hosting students, three of whom were accused of the same alleged misconduct but did not receive suspensions. These individuals are referred to pseudonymously or not by any name at all to ensure their identities remain protected during this action. Should Plaintiff Doe's identity be revealed, it would easily lead to discovery of the identities of the individuals noted above, as well as other students that were subject to sanctions for COVID violations throughout the 2020-2021 semester. Similarly, it would be impractical, and time consuming, to require Plaintiff here to disclose his identity, while allowing the numerous involved individuals to remain anonymous.

Based on the foregoing and in consideration of the totality of the circumstances supporting anonymity, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendants and/or the public will not be harmed if Plaintiff's name is not revealed and there will be little to no impact upon non-parties in this action.

## **CONCLUSION**

For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Under a Pseudonym be granted in its entirety.

**Respectfully submitted,**

**SAEED & LITTLE, LLP**
*Attorneys for Plaintiff John Doe*

**By: s/** *Jonathan Little*
**Jonathan Little, No. 27421-49**
**133 W. Market Street #189**
**Indianapolis, Indiana 46204**
**(317) 721-9214**
**jon@sllawfirm.com**


**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff John Doe*

**By: s/** *Andrew Miltenberg*
**Andrew Miltenberg, Esq. (*PHV forthcoming*)**
**Phil A. Byler, Esq. (*PHV forthcoming*)**
**Janine L. Peress, Esq. (*PHV forthcoming*)**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**pbyler@nmllplaw.com**
**jperess@nmllplaw.com**

CERTIFICATE OF SERVICE

I certify that the foregoing paper or pleading was filed under seal using the Court's CM/ECF System on November 22, 2021. Pursuant to S.D. Ind. L.R. 10-1(c), this Motion will be served on each opposing party within 7 days of the opposing party's appearance.

                                        s/ *Jonathan Little*
                                        Jonathan Little