UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN DOE, <br>       **Plaintiff,** <br><br> v. <br><br> **THE TRUSTEES OF INDIANA UNIVERSITY, INDIANA UNIVERSITY BLOOMINGTON, LAUREN ROBEL, KATHY ADAMS RIESTER, and LIBBY SPOTTS,** <br><br>       **Defendants.** | Case No. 1:21-cv-2903-JRS-TAB |

## DECLARATION OF ANDREW T. MILTENBERG IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

**ANDREW T. MILTENBERG, ESQ.** hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am admitted to practice in the courts of the State of New York and am a member of the Bar of the New York Courts. I am the managing partner of Nesenoff & Miltenberg, LLP, attorneys for the Plaintiff, John Doe ("Plaintiff").

2. I submit this declaration in support of Plaintiff's Motion to Proceed Under Pseudonym.

3. In the instant action, Plaintiff seeks redress due to the actions, inactions, omissions, errors, flawed procedures and/or overall failure of Defendants the Trustees of Indiana University, Indiana University Bloomington, Lauren Robel, Kathy Adams Riester and Libby Spotts (collectively, "Defendants"), and their employees and/or agents to provide Plaintiff with a meaningful standard of due process, basic fairness, and equity concerning an alleged violation of temporary Covid restrictions.

1

4. Plaintiff and four of his housemates, all students of Indiana University and fraternity members, were accused of having an "unlawful" gathering of fifty people or less at his off-campus residence on April 23, 2021. Although the other four housemates were equally responsible for the gathering, Plaintiff was summarily suspended just before finals for a period of one-year, affecting three semesters. Three of the other housemates were banned from campus for the remainder of the Spring 2021 semester but were allowed to continue with their classes virtually and were otherwise unaffected. One housemate was not disciplined.

5. The University did not conduct a thorough investigation and instead relied upon a police report reporting a gathering of 40-50 people in finding Plaintiff and three other housemates responsible.

6. Given the timing of the suspension, just before finals, Plaintiff requested an expedited hearing. He was granted a hearing and given 24 hours to prepare. However, Defendants did not provide him with any of the evidence relied upon when the summary suspension was issued, until 45 minutes prior to the hearing.

7. Plaintiff had no time to prepare or present a defense and relied upon a Code provision that provides students subjected to summary suspension with grounds to argue the appropriateness of the sanction.

8. While the Code allows for such hearing, the Code fails to grant any authority for a Hearing Panel to make any determination as to the appropriateness of the sanction or recommend modifications to the sanction. Thus, the Hearing was a sham and Plaintiff was not provided with adequate due process. Plaintiff appealed the decision and was denied.

9. The gathering occurred at a time when the CDC announced that restrictions could be lifted, and restrictions had already been lifted or modified by the State of Indiana and Monroe

County more than two weeks before the gathering. In modifying the restrictions that were previously in place, Monroe County expressly allowed fraternity off-campus residences to have a gathering of up to fifty (50) people. The gathering in question was compliant with Monroe County's modified restriction. The City of Bloomington did not modify the Monroe County restrictions further. Indiana University failed to take into consideration the changing regulations and the decreased risk when it sanctioned Plaintiff to an onerous and unwarranted suspension without a hearing.

10. As a result of the reduced risk that the CDC and the State acknowledged in early April, Indiana University completely lifted all COVID restrictions three weeks after the alleged incident. The decision by the University to lift all restrictions was made before a decision on Plaintiff's appeal of the onerous and unwarranted sanction was issued, further questioning the appropriateness of enforcing the onerous sanction for conduct that but for the temporary restriction was lawful.

11. The temporary COVID restrictions on otherwise lawful behavior, which arguably were in flux at the time of the alleged incident and deemed no longer necessary when the University lifted all restrictions on May 17, 2021, should at the very least have resulted in the commutation of the onerous sanction imposed on the Plaintiff.

12. A more suitable sanction involving a ban from campus and requirement to finish the semester virtually was available and applied to three of the other co-hosting students, showing the arbitrary and capricious nature of the sanction imposed on the Plaintiff.

13. As a result of Defendants' unwarranted and egregious actions, Plaintiff was suspended for a year, affecting three (3) semesters and resulting in a permanent notation on his disciplinary record. His suspension has caused a delayed graduation date of at least a year, the

loss of employment with a big four accounting firm he was recently offered and the consequential loss of anticipated career opportunities and prospective earnings.

14. Plaintiff therefore brings this action to obtain relief based on causes of action for a violation of Fourteenth Amendment Due Process.

15. In light of the sensitive nature of the facts of this matter, as set forth in greater detail in Plaintiff's Complaint and the accompanying Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym.

**WHEREFORE,** the Court should grant Plaintiff's application in its entirety, and should order such other and further relief as the Court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

**Dated: New York, New York
November 22, 2021**

/s/ *Andrew T. Miltenberg*
**Andrew T. Miltenberg, Esq.**