UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN DOE,<br><br>             **Plaintiff**,<br><br>v.<br><br>THE TRUSTEES OF INDIANA UNIVERSITY, INDIANA UNIVERSITY BLOOMINGTON, LAUREN ROBEL, KATHY ADAMS RIESTER, and LIBBY SPOTTS,<br><br>             **Defendants.** | No. 1:21-cv-02903-JRS-MJD |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF PLAINTIFF'S
<u>MOTION TO PROCEED UNDER A PSEUDONYM</u>**

      Plaintiff John Doe ("Plaintiff"), an Indiana University Bloomington ("IU") student who was subject to a wrongfully imposed one-year suspension (affecting three semesters, four if the summer semester is counted), submits this Reply Memorandum of Law in further support of his motion to file a Complaint in the above-referenced matter as a pseudonymous Plaintiff and proceed in the litigation under the pseudonym "John Doe." For reasons stated herein, Plaintiff's motion for pseudonym status should be granted.

      Plaintiff brought suit because of IU's procedurally flawed summary proceedings and disparate treatment which deprived him of fundamental fairness, willful ignorance of COVID statistics and regulations in place at the time, and deviation from IU's own stated policies and procedures. Plaintiff's motion for pseudonym treatment demonstrated that there are a number of recognized criteria for determining whether to grant pseudonym status that are applicable in this case, *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. At 140 (S.D. Ind. 1996), *quoting Doe v.*

1

*Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996), and that the application of those criteria to this action support a finding that this is an exceptional case warranting pseudonym treatment for Plaintiff.

Defendants now oppose Plaintiff's motion, affirmatively requesting that Plaintiff be forced to reveal his identity, further adding to the stigma caused by Defendants' flawed proceedings, disparate treatment and due process violations, and adding to the damages that will be suffered by Plaintiff. Defendants provide a series of misconceived arguments involving erroneous attacks on the Complaint in their effort to convince this Court to deny Plaintiff's motion for pseudonym status.

1. **Plaintiff Has Suffered Real Losses Already to Justify Pseudonym Treatment.**

Contrary to Defendants' assertions that the damages alleged by Plaintiff are solely prospective, the Complaint clearly spells out realized losses (including the loss of employment by a big four accounting firm, which was offered at the conclusion of his summer internship, (Complaint ¶ 172) and the loss of membership in a national fraternity (Complaint ¶¶ 179-180)) that Plaintiff has incurred, and will continue to suffer, due to Defendants' wrongful disclosure of information and/or conduct. It was in addition to these realized losses that Plaintiff argued the likelihood of diminished future job prospects and educational opportunities if forced to disclose his identity in this suit.

2. **Purported Credibility Issues Do Not Justify Denial of Pseudonym Status.**

Contrary to Defendants' contention, there are no credibility issues as the facts underlying the procedurally flawed misconduct proceedings are not at issue. Plaintiff has never denied co-hosting a gathering of 40-50 people[1] at his off-campus residence. Rather, Plaintiff's Complaint is

---

[1] Defendants improperly embellish the number of people in attendance at the party to be "100 persons" for purposes of this motion and inconceivably fail to mention the contents of the IU campus police report, relied upon by IU in

2

focused on disparate treatment in being singled out and issued a one-year suspension, as opposed to the "slap on the wrist" issued to his co-hosting housemates for the same alleged misconduct violation. It is alleged in the Complaint that Defendants found it sufficient to ban the other co-hosting housemates from campus for the remainder of the semester but allowed them to continue their studies virtually, effectively reducing any risk these students potentially posed in spreading the COVID-19 virus. By the time their campus ban ended, the school already lifted all COVID-19 restrictions including gathering size and mask mandates. Therefore, a suspension, much less a full year suspension (affecting multiple semesters) was unnecessary, and in fact grossly inappropriate and overreaching, to punish conduct that at any other time would have been lawful and constitutionally protected. Plaintiff's due process argument further involves the sham procedures which provided no mechanism or authority for the hearing panel to determine the appropriateness of a summary sanction, despite this being one of the grounds expressly promised to Plaintiff in IU's policies. Therefore, Defendants' arguments that credibility somehow plays a factor in determining this motion is disingenuous and misleading.

   3.  **Plaintiff Satisfies the Criteria for Pseudonym Treatment.**

Apart from the feigned credibility issues, Defendants erroneously argue that Plaintiff fails to meet the criteria necessary to allow for pseudonym treatment. Defendants focus their opposition in large part on the naming of state actors in their individual capacities in arguing for a denial of the motion. Defendants concede that a Plaintiff's interests in proceeding anonymously is strong in cases against governmental entities, *see EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111

---

issuing the sanctions, which unequivocally supports a much smaller gathering of 40-50 people. Moreover, Defendants at first make an argument that there were 100 people at the gathering and then clarify that the 100 people in attendance at the gathering was over the course of a full day and not at one time. It should be noted that the regulations did not provide restrictions in the amount of people one can host over the course of a day. Rather the regulations only imposed restrictions on gathering size of individuals congregating at the same time.

(E.D.N.Y. 2003), but misguidedly argues that the strength of such interest decreases where state actors are sued in their individual capacities. This argument fails in light of previously litigated and analogous cases wherein plaintiffs were granted permission to proceed anonymously. *See generally Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019); *Doe v. Purdue Univ.*, No., 19-CV-56, 2019 WL 3887165, at *1 (N.D. Ind. Aug. 19, 2019); *Doe v. Purdue Univ.*, No.18-CV-89, 2019 WL 1269348, at *2 (N.D. Ind. March 25, 2019); *Doe v. Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017). In fact, this Honorable Court, in *Doe v. Indiana Univ.*, 20-CV-123, 496 F.Supp.3d 1210 (S.D. Ind. 2020), granted a Plaintiff's motion to proceed pseudonymously in a matter wherein two of the same state actors named herein were defendants.

In making this argument, Defendants ignore the factor of challenging governmental activity as recognized in *Doe v. Indiana Black Expo, Inc*, *supra*. As pointed out in the motion, this factor certainly applies to this case as Plaintiff is challenging IU's misconduct procedures from which it alleged that the University and its employees violated constitutional due process.

The sole Count in this Complaint is brought under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment because IU is a land grant school and IU's actions are state action. Defendants appear to be avoiding a straightforward consideration of this factor by asserting that the Complaint casts reputational aspersions on the individual defendants. Defendants quote *Doe v. Indiana Black Expo, Inc*, *supra*, that a civil lawsuit can affect a defendant, but do not identify what specifically the supposed reputational aspersions against the individual Defendants are in this case. Rather, Defendants argue that the naming of these state actors could undermine IU's disciplinary process. This does not equate to reputational harm on the individual Defendants. It could well be that the Defendants may be embarrassed by the lack of due process and the unfair

4

treatment of Doe, but that is not a justification for not recognizing and addressing the challenging governmental activity factor for allowing pseudonym status.

Plaintiff's Complaint challenges a flawed disciplinary paradigm administered by the individual Defendants at a land grant school. The individual Defendants have no reasonable expectation of privacy concerning their actions in administering IU's disciplinary program. The reasons are axiomatic and illustrate clearly the difference between Defendants and Plaintiff in the context of this lawsuit. The public has an interest in the manner in which IU's officials administer discipline in order to ensure that students like Plaintiff are not harmed by a flawed system. Forcing Plaintiff to proceed under his own name would cause him to suffer the very same harm that the public has an interest in protecting.

Defendants curiously argue on pages 7-8 of their Opposition Memorandum that IU should be given the same deference as a private university in deciding whether the Plaintiff can proceed by pseudonym because IU does not solely rely on tax revenue. If this Court were to provide such deference, IU should not be entitled to the Eleventh Amendment immunity that resulted in Plaintiff having no choice but to name the state actors individually to seek prospective relief. Further, pseudonym treatment may just as easily be granted in the private university context. *See*, *e.g.*, *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Miami*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Oberlin*, 963 F.3d 580 (6th Cir. 2020); *Doe v. University of Sciences*, 961 F.3d 203 (3d Cir. 2020); *Doe v. New York University*, 2021 WL 1662532 (S.D.N.Y. Apr. 28, 2021).

While Defendants argue that the sole fact that IU is a state university does not justify the grant of pseudonym treatment, it should be noted that Plaintiff's moving papers did not solely rely on this factor. It was argued that the nature and volatility of the subject matter of this action, among the other factors discussed in *Doe v. Indiana Black Expo, Inc*, *supra*, justifies the need to

5

proceed with a pseudonym. In a similarly situated case, and the only one of its kind Plaintiff is aware of thus far, the Southern District of New York agreed that protection of a student's identity is warranted in cases involving COVID violations as the student is subject to "potential online retaliation for what some might characterize as reckless or selfish conduct" and revealing the student's identity could hamper future career goals. *See Doe v. New York University*, 2021 WL 1662532, at *10 (S.D.N.Y. Apr. 28, 2021).

In response, Defendants offer no cases to challenge this decision, but attempt to circumvent this holding by once again arguing that the Plaintiff in the case against New York University did not sue any actors in their individual capacities. It should be noted that unlike IU, New York University is a private university and is not shielded from suit by the Eleventh Amendment. Therefore, the plaintiff in that suit had sufficient recourse and did not have to sue any employees to seek relief from a disparate and unfair sanction, and an unfair policy which fails to afford due process protections.

### 4. Case Law Cited by Defendants Does Not Support Denial of Pseudonym Treatment.

The cases cited by Defendants do not support a denial of Plaintiff's motion as *Doe v. Indiana Black Expo, Inc*, *supra*, suggests that each case should be determined on an individual basis. As COVID regulations penalize behavior that would ordinarily be lawful under the Constitution and the alleged violation of such regulations could significantly hamper the Plaintiff's future career goals as well as subject him to retaliation by students, student groups, and university administrators who are in favor of more restrictive regulations, the need for anonymity and protection in this case seems clear. The Northern District of Illinois recently allowed individuals bringing suit in COVID-related matters outside of a university setting to proceed anonymously because of the potential harm to their careers and the "legitimate fear that disclosure will make

them targets of intensified and focused scorn and humiliation[.]" *See Jane Doe 1 v. Northshore Univ. Healthsystem,* No. 21-cv-05683, 2021 WL 5578790, at *8 (N.D. Ill. Nov. 30, 2021).

### 5. Alleged (But Falsely Asserted) Misconduct by Plaintiff Does Not Justify Denial of Pseudonym Treatment.

It should be noted that IU improperly and erroneously argues that the event violated Monroe County's COVID temporary restrictions on gatherings. This is false and misleading and is exactly the type of information that Defendants are attempting to spread about Plaintiff that weigh against their argument for disclosure of Plaintiff's identity. IU fails to mention to this Court that its own campus police observed only 40-50 people at the gathering, which was within the Monroe County regulations at the time. Defendants' attempt to create greater "scorn and criticism" by misstating the facts in contradiction to their own investigation file reports is the precise type of personal details which warrants anonymity.

Plaintiff's alleged misconduct was not in violation of any temporary County regulations at the time. Defendants in their opposition (and in contrast to their previous position at the time that the summary sanction was issued) acknowledge that Monroe County allowed up to 50 people at off-campus gatherings at the time of the alleged incident and the gathering in question was within the regulations according to their own investigation reports. Defendants argue that Plaintiff is not entitled to anonymity because there is no risk of criminal prosecution. However, Plaintiff requests that this Court consider the fact that the behavior alleged by IU was not only lawful but a constitutional right. Defendants' attempt to criminalize and sanction what it perceives to be a temporary "COVID violation" and cause further injury to Plaintiff is precisely the reason Plaintiff is seeking anonymity.

As explained in the motion, the revelation of Plaintiff's identity would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit.

*See Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016)("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.").

6. **<u>Fraternity Brother Recognition Does Not Justify Denial of Pseudonym Treatment.</u>**

It is no answer that some of John Doe's fraternity brothers would recognize him. Such recognition is largely caused by IU's improper discussions with Plaintiff's fraternity headquarters which resulted in the revocation of Plaintiff's membership in the organization and the social stigma faced by Plaintiff. We live today in a world of internet searches and the Drudge Report. The disclosure of John Doe's name could significantly hinder his ability to pursue future career and educational endeavors, as any entity or employer would undoubtedly have access to the records related to this matter and discover that Plaintiff was accused of a COVID violation. The likelihood of acceptance as a transfer student to an elite undergraduate program, or to a top tier graduate program, is significantly reduced in light of the high number of applicants and stiff competition, let alone the social stigma associated with being found responsible and sanctioned for misconduct, regardless of whether the decision is ultimately overturned as a result of litigation. Further, there is no doubt that the subject of COVID regulations has garnered significant media attention and controversy, posing the risk of further reputational harm to the Plaintiffs.

7. **<u>Defendants Would Not Be Prejudiced by the Grant of Pseudonym Treatment.</u>**

Defendants would not be prejudiced in this litigation as the facts underlying the alleged discipline are not at issue. As the underlying facts are not in question, neither is the Plaintiff's credibility. The Complaint solely questions the disparate treatment and due process violations

stemming from IU's disciplinary process. Therefore, Defendants' arguments concerning prejudice are feigned issues at best.

The Defendants are already aware of Plaintiff's true identity and the identities of all other individuals involved, as they too were subject to disciplinary proceedings but in contrast to Plaintiff, were allowed to continue with their studies unabated. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds under a pseudonym. Accordingly, Plaintiff must be permitted to proceed anonymously in the present action, as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

8. **Plaintiff's Non-Disclosure of Others' Names Supports Pseudonym Treatment.**

IU argues that the omission of names of other individuals "involved in the acts leading to Plaintiff's suspension" was a choice made by Plaintiff and that such election not to disclose their identities cannot support a shielding of Plaintiff's identity. Conversely, if Plaintiff disclosed these individuals by name, it would have provided greater support to argue against pseudonym treatment. Plaintiff points out in his motion that he is protecting the identities of these individuals as to do otherwise would subject these individuals to the same career, educational, and reputational harms that Plaintiff is seeking protection against. Accordingly, Plaintiff respectfully requests that this Court allow him to proceed in this action anonymously.

## CONCLUSION

For these reasons, the reasons stated in the motion and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

Respectfully submitted,

SAEED & LITTLE, LLP
*Attorneys for Plaintiff John Doe*

By: *s/ Jonathan Little*
Jonathan Little, No. 27421-49
#189 – 133 West Market Street
Indianapolis, Indiana 46204
(317) 721-9214
jon@sllawfirm.com


NESENOFF & MILTENBERG, LLP
*Attorneys for Plaintiff John Doe*

By: *s/ Andrew T. Miltenberg*
Andrew T. Miltenberg, Esq. (Admitted *PHV*)
Philip A. Byler, Esq. (Admitted *PHV*)
Janine L. Peress, Esq. (Admitted *PHV*)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
pbyler@nmllplaw.com
jperess@nmllplaw.com

CERTIFICATE OF SERVICE

I certify that the foregoing was filed using the Court's CM/ECF System on the date electronically stamped in the header of this document. Service will be made on all CM/ECF-registered counsel of record by operation of the same.

s/ *Jonathan Little*
Jonathan Little